UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

REBECCA E. BABCOCK,            )
                               )
    *Plaintiff*              )
                               )
v.                             )    Civil No. 09-630-B-W
                               )
MICHAEL J. ASTRUE,             )
**Commissioner of Social Security,** )
                               )
    *Defendant*              )


*REPORT AND RECOMMENDED DECISION*[1]

    This Supplemental Security Income ("SSI") and Child's Disability Benefits ("CDB") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that she is disabled by obesity with a history of gastric bypass, chronic low back pain, a history of eustachian tube dysfunction, attention deficit disorder ("ADD"), depression, and anxiety, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated, and the case remanded for further development.

    Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of obesity with a history of gastric bypass surgery, a history of

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 15, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

eustachian tube dysfunction, chronic low back pain, depression, and anxiety, Finding 3, Record at 9; that she retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that she was limited to unskilled, low-stress work requiring only occasional changes in the work setting, occasional decision-making, and only occasional interaction with the general public, Finding 5, *id.* at 12; that, considering her age (21 years old, defined as a younger individual, on the date her application was filed), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 14; and that she, therefore, was not disabled since October 1, 2007, the date that her application was filed, Finding 11, *id.* at 15.[2] The Decision Review Board failed to review the decision within 90 days, making it the final determination of the commissioner, *id.* at 1-3; 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] To qualify for CDB benefits, a claimant must demonstrate that he or she was disabled before he or she turned 22 "and was continuously disabled from the date of [his or] her twenty-second birthday through the date that [he or] she applied for benefits." *Starcevic v. Commissioner of Soc. Sec.*, No. 08-13128, 2009 WL 2222631, at *6 (E.D. Mich. July 22, 2009). The plaintiff turned 22 on March 10, 2008, *see* Finding 2, Record at 9, subsequent to the date that she applied for benefits.

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Steps 2 and 4 of the sequential process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

At Step 4, the claimant bears the burden of proof of inability to return to past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(f)); *Bowen*, 482 U.S. at 146 n.5. At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.1520(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

The plaintiff seeks reversal and remand on the bases that the administrative law judge erroneously failed to find, at Step 2, that she had a severe impairment of ADD and relied, at Step 5, on an RFC unsupported by substantial evidence. *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 12) at 1-5. I agree, and recommend that the court find, that reversal and remand are warranted.[3]

### A. Failure To Find Severe ADD Impairment

The plaintiff correctly notes that the administrative law judge's finding, at Step 2, that she had no severe ADD impairment is not only unsupported by the rationale supplied but also seemingly inconsistent with his finding, at Step 3, that she had moderate difficulties in concentration, persistence, or pace. *See id.* at 1-3. This was error.

At Step 2, the administrative law judge discounted the plaintiff's claims of difficulty maintaining attention on the basis that testing by Mark D. Roth, a School Psychological Service Provider, in 2003 had revealed average intellectual functioning. *See* Record at 10-11, 278-79. However, he went on, at Step 3, to find that the plaintiff had moderate difficulties in maintaining concentration, persistence, or pace on the basis of testing in 2002 by psychologist Christine M. Fink, Ph.D., that revealed distractibility issues, with Dr. Fink recommending decreasing environmental distractions in the academic setting. *See id*. at 12; 273-77.

---

[3] The plaintiff requested that this court instruct the commissioner, on remand, to (i) evaluate her ADD as a severe impairment based upon the complete record, (ii) determine an RFC consistent with substantial evidence contained in the record, and (iii), if necessary, obtain testimony from a vocational expert regarding the impact of her ADD on her ability to perform jobs as they exist in the national economy. *See* Statement of Errors at 5-6. When pressed at oral argument as to the necessity of specific instructions tied to ADD, her counsel indicated that, while he would prefer such an instruction, it sufficed to point out the errors made. Particularly because, as noted below, the record contains conflicting evidence as to the severity of the plaintiff's ADD, I perceive no reason to deviate from this court's usual practice of omitting specific instructions.

As the plaintiff points out, *see* Statement of Errors at 2, there is no evidence of record that average intellectual functioning is inconsistent with a finding of severe ADD. To the contrary, Dr. Fink assessed the plaintiff as having distractibility issues despite finding, as did Roth the following year, that she had average intellectual functioning. *See* Record at 276.

The finding of non-severe ADD at Step 2 not only is unsupported by the rationale given but also seemingly incompatible with the finding, at Step 3, that the plaintiff had moderate difficulties in one of three functional areas rated, concentration, persistence, or pace, seemingly stemming from her ADD. *See id*. at 12, 273-77; *see also, e.g.,* 20 C.F.R. § 416.920a(d)(1) ("If we rate the degree of [a claimant's] limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that [his or her] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [his or her] ability to do basic work activities[.]").[4]

The error would have been harmless had the administrative law judge supportably reflected the moderate difficulties found in concentration, persistence, or pace in the RFC that he relayed to a vocational expert present at the plaintiff's hearing, on whose testimony he relied to reach his Step 5 determination of non-disability. *See* Record at 14-15, 58-62. However, for the reasons discussed below, he did not.[5]

---

[4] At oral argument, counsel for the commissioner contended that the administrative law judge could have considered the plaintiff's concentration, persistence, and pace difficulties to have arisen from her anxiety and/or depression, which he deemed severe, rather than from ADD. That is unlikely in view of the fact that the administrative law judge cited testing by Dr. Fink that identified distractibility issues as the source for his concentration, persistence, and pace finding. *See* Record at 12, 273-77. In any event, even assuming *arguendo* that there was no error at Step 2, the administrative law judge's errors at Steps 4 and 5, discussed below, still would warrant reversal and remand.

[5] There is support for a finding of non-severe ADD. In the sole Psychiatric Review Technique Form ("PRTF") of record, completed by Disability Determination Services ("DDS") nonexamining consultant Thomas Knox, Ph.D., on November 15, 2007, Dr. Knox assessed the plaintiff as having only one non-severe mental impairment, depression NOS [not otherwise specified], which imposed only mild restriction of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace, and caused no episodes of decompensation. *See* Record at 556, 563; *see also, e.g.*, 20 C.F.R. § 416.920a(d)(1). In addition, in a case analysis dated July 18, 2008, psychiatrist S. Hadi, M.D., deemed the plaintiff's mental impairments non-severe,

*(continued on next page)*

## B. RFC Unsupported by Substantial Evidence

The administrative law judge went on, at Step 4, to find the plaintiff "limited to unskilled low stress work wherein there are only occasional changes in the work setting and only occasional decision-making is required with only occasional interaction with the general public." Finding 5, *id*. at 12. He did not explain, in the body of his decision, how he arrived at that determination. *See id*. at 12-14. However, he stated to the vocational expert, at hearing: "For concentration, persistence and pace defects, she's limited to unskilled work. She should have a low stress job, defined as a job in which decision making is required only occasionally." *Id*. at 59. He later asked the vocational expert to factor in a limitation to occasional interaction with the public, to reflect the plaintiff's social functioning deficits according to her testimony, as well as "[t]he low stress job, defined as, as changes to the work setting only occasional." *Id*. at 60-61.

As the plaintiff suggests, *see* Statement of Errors at 3-5, the administrative law judge's mental RFC finding is not supported by substantial evidence of record. The record is devoid of any opinion of a vocational expert, or for that matter, a medical or psychological expert, that the plaintiff's moderate difficulties in concentration, persistence, or pace translated into a limitation to unskilled and/or "low stress" work. That renders this case materially indistinguishable from others in which this court has held that an administrative law judge exceeded the bounds of his or her expertise in making such a translation, *see, e.g., Maldonado v. Astrue*, Civil No. 08-412-B-W, 2009 WL 1885057, at *6 (D. Me. June 30, 2009) (rec. dec., *aff'd* July 23, 2009) (the administrative law judge "ventured into the realm of vocational expert testimony[,]" warranting reversal and remand, when he determined that the claimant's borderline intellectual abilities and

---

after noting her history of ADD. *See* Record at 596. However, the administrative law judge never discussed either the Knox or Hadi opinions, which he plainly rejected insofar as he found that the plaintiff did suffer from severe mental impairments of anxiety and depression and had moderate difficulties in maintaining concentration, persistence, or pace. *See* Record at 7-15.

moderate impairment in concentration, persistence, or pace limited him to one- to two-step tasks and to unskilled jobs) (citation and internal quotation marks omitted); *see also*, *e.g., Cummings v. Astrue,* Civil No. 09-391-P-H, 2010 WL 2076021, at *1, *3 (D. Me. May 20, 2010) (rec. dec., *aff'd* June 9, 2010) (administrative law judge impermissibly relied on raw medical evidence to translate findings of mild limitations in activities of daily living and social functioning and moderate limitations in concentration, persistence, or pace into a restriction to occupations requiring no more than moderately-complex tasks commensurate with a high school education and occasional interaction with co-workers, supervisors, and the general public).

Because the administrative law judge supplied to the vocational expert present at the plaintiff's hearing an RFC that cannot be determined to be supported by substantial evidence, testimony as to jobs predicated on that RFC cannot carry the commissioner's Step 5 burden. *See, e.g., Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions.").[6]

---

[6] At oral argument, counsel for the commissioner pointed out that the plaintiff's counsel did not cross-examine the vocational expert at hearing as to the impact of a moderate limitation on concentration, persistence, or pace. He stated that the commissioner was not contending that this effectuated a waiver but, rather, that it illustrates that the problem of which the plaintiff now complains was not apparent enough at hearing that her own counsel deemed it worthy of further inquiry. Be that as it may, the commissioner bears the burden of showing, at Step 5, that a claimant can perform jobs existing in significant numbers in the national economy. Because of the identified flaws in the vocational expert's testimony, the commissioner could not properly rely on that testimony in support of his Step 5 finding.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge